UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ANA MARIA RAVINES DE SCHUR,<br><br>Plaintiff,<br><br>v.<br><br>UNIFIED POLICE DEPARTMENT and STATE OF UTAH,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE**<br><br>Case No. 2:22-cv-00061<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

    Pro se plaintiff Ana Maria Ravines de Schur, proceeding *in forma pauperis*, filed this action against the Unified Police Department and the State of Utah. (*See* Compl., Doc. No. 9.) On April 7, 2022, the court identified deficiencies in the complaint and ordered Ms. Ravines de Schur to file an amended complaint by April 21, 2022. (Doc. No. 13.) The court noted failure to file an amended complaint could result in a recommendation to dismiss this action. (*Id.*) Ms. Ravines de Schur did not file an amended complaint by the deadline in the court's order or anytime thereafter.

    Because Ms. Ravines de Schur's complaint is frivolous and fails to state a plausible claim for relief, and further opportunities to amend would be futile, the undersigned[1] recommends the district judge dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] On February 9, 2022, this case was transferred to District Judge David Barlow, who referred the case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B). (Order Transferring Cases, Doc. No. 12.)

1

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed *in forma pauperis*, the court may dismiss the case if it determines the complaint "(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (internal quotation marks omitted).

In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). But the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). A complaint is frivolous where "it lacks an arguable basis either in law or in fact." *Tucker v. U.S. Ct. of App. for the Tenth Cir.*, 815 F. App'x 292, 293 (10th Cir. May 19, 2020) (unpublished) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Because Ms. Ravines de Schur proceeds pro se, her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110.  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based." *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

## ANALYSIS

As explained in the prior order, Ms. Ravines de Schur alleges she had a phone conversation with a police officer of the Unified Police Department during which he yelled at her, called her mentally ill, and accused her of lying about receiving political asylum in the United States.  (*See* Compl., Doc. No. 9 at 4–5.)  She later called back to lodge a complaint about the first officer, and a second officer informed her she must go to the Magna precinct in person to file a formal complaint.  (*Id.* at 5–6.)  Ms. Ravines de Schur explains she has "complex PTSD" and "has survived multiple abuses in the State of Utah," and she "cannot walk into a police department after having been insulted and trust the civility of the same officials."  (*Id.* at 5, 7.)  Despite this, the second officer informed her she could not file a complaint over the phone or

online, and he refused to provide his email address.  (*Id.* at 7.)  However, a third officer later called her and provided his email address.  (*Id.* at 8.)  Ms. Ravines de Schur sent a written complaint to the third officer and Sheriff Rosie Rivera by email.  (*Id.* at 8–9.)  She also alleges, in passing, that her family previously submitted reports against two other police officers for "lying under oath against [her] son when he bought a used computer."  (*Id.* at 6; *see also id.* at 10 (alleging the two officers lied under oath to incriminate her son).)

Ms. Ravines de Schur alleges her treatment was offensive and unjust, and she seeks "reparations, health solutions[,] and restitution over hardships and duress and PTSD that these officers have caused against her . . . and against her family members."  (*Id.* at 9.)  She cites Title 18 of the United States Code, Title VI of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  (*Id.* at 2–3.)

Ms. Ravines de Schur's complaint is frivolous and fails to state a claim on which relief can be granted.  As an initial matter, although the State of Utah is named as a defendant, the complaint only addresses actions by officers of a local police department.  It contains no allegations of acts or omissions by state officials or employees.  Accordingly, it fails to state a claim against the State of Utah.[2]

---

[2] A few days after she filed her complaint, Ms. Ravines de Schur filed a document entitled "Motion to Request Docketing of Evidence," which includes what appear to be reproductions of emails Ms. Ravines de Schur sent to a Unified Police Department officer. (Doc. No. 10.)  One of these emails contains a rambling list of generalized grievances regarding the treatment of refugees in Utah, among other matters.  (*Id.* at 5–11.)  But it contains no allegations of specific acts or omissions by state officials or employees.  Thus, even if this document were considered as part of the complaint, it fails to state a plausible claim for relief against the State of Utah.

As to the Unified Police Department, Ms. Ravines de Schur's allegation that a police officer yelled at her and insulted her during a phone call fails to state any cognizable claim for a violation of her constitutional rights. *See, e.g.*, *Liner v. Ward*, 754 F. Supp. 32, 34 (S.D.N.Y. 1991) ("[A]llegations of rude, inconsiderate and insulting language by a police officer . . . do not give rise to a constitutional violation."). Likewise, her conclusory allegation that other officers lied under oath about her son lacks factual development and fails to state a claim. Ms. Ravines de Schur's allegation that her PTSD prevented her from filing an in-person complaint with the police department, as the second officer insisted, could be interpreted as an attempt to bring a claim under Title II of the ADA, which provides "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. However, Ms. Ravines de Schur acknowledges she was ultimately able to submit her complaint by email; thus, she fails to allege she was excluded from this service or otherwise discriminated against due to her PTSD. The complaint also fails to state any cognizable claim under the other federal statutes cited. Ms. Ravines de Schur does not allege discrimination on the basis of race, color, or national origin, as required to support a claim under Title VI of the Civil Rights Act. *See* 42 U.S.C. § 2000d. And Title 18 of the United States Code, which addresses crimes and criminal procedure, appears wholly inapplicable.

For these reasons, Ms. Ravines de Schur's complaint fails to state a plausible claim for relief. Indeed, because it lacks an arguable basis in law or fact, the complaint is frivolous. Because Ms. Ravines de Schur failed to comply with the court's order to amend her complaint, further opportunities to amend would be futile, and dismissal with prejudice is appropriate.

## RECOMMENDATION

Where Ms. Ravines de Schur's complaint is frivolous and fails to state a plausible claim for relief, and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The court will send this Report and Recommendation to Ms. Ravines de Schur, who is notified of her right to object to it. Ms. Ravines de Schur must file any objection within fourteen (14) days of service. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 13th day of June, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge